JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **ED CV 10-00494-RGK (DTBx)** | Date | April 27, 2010 |
|---|---|---|---|
| Title | ***MPH PROPERTY GROUP LLC v. BRENDA DUNN, et al.,*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

Not Present                          Not Present

**Proceedings:**   (IN CHAMBERS) ORDER REMANDING CIVIL ACTION TO STATE COURT

On April 2, 12010, Defendant Brenda Dunn ("Defendant") representing herself in pro se, removed this action from the Moreno Valley Superior Court of California, County of Riverside, to the United States District Court, Central District of California, based on federal question jurisdiction, pursuant to 28 U.S.C. § 1331.

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441, et seq. The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles*, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (*citing Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

Defendant's Notice of Removal states that Plaintiff's Complaint asserts federal rights under the Trust in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA"). (Notice of Removal ¶ 8.) However, based on the face of the original Complaint, filed on March 9, 2010, the action is for unlawful detainer, post foreclosure. (Notice of Removal, Ex. A.) Plaintiff has not raised any claims involving a federal law. For this reason, Defendant's removal fails for lack of federal subject matter jurisdiction.

For the foregoing reasons, the above-entitled case is ordered **REMANDED** to Superior Court for all further proceedings for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | | slw |